Alex Aramovich TSEROUKIAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70997, A76–363–641.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 12, 2004.

Alex Aramovich Tseroukian, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Jacqueline Dryden, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM**

Alex Aramovich Tseroukian, an ethnic Armenian native of Azerbaijan, petitions pro se for review of the Board of Immigra-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion Appeals' ("BIA") denial of his motion for reconsideration.[1] We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reconsider for abuse of discretion, and legal questions de novo. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

To the extent that Tseroukian contends that the BIA erred by denying reconsideration of his claim that affirmance without opinion violates due process, this claim is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003) (holding that the "streamlining regulation does not implicate or restrict any right of review in the court of appeals," and does not violate due process); *see also* 8 C.F.R. § 1003.2(b)(3) ("A motion to reconsider based solely on an argument that the case should not have been affirmed without opinion by a single Board Member . . . is barred.").

Tseroukian also contends that reconsideration was warranted because the BIA failed to address *Artiga Turcios v. INS*, 829 F.2d 720, 723 (9th Cir.1987), which held that an applicant is not "required to provide independent corroborative evidence of the threats of persecution." Because the immigration judge found that Tseroukian's testimony was not credible, the request for corroborative evidence was proper, and the BIA did not abuse its discretion by denying reconsideration. *See id.* (noting that an applicant's *credible* testimony may be sufficient to sustain his burden of proof without independent corroborative evidence).

We reject Tseroukian's remaining contentions.

**PETITION FOR REVIEW DENIED.**

---

**1.** We lack jurisdiction to review the BIA's summary affirmance of the immigration judge's denial of asylum, withholding of removal, and Convention Against Torture relief because Tseroukian did not file a timely petition for review of that decision. *Martinez–*

*Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996).

